582 F.2d 1281
 78-2 USTC P 9593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee
v.
Richard K. Haley, Defendant-Appellant.
 76-2679.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1978.
 
 Before EDWARDS, LIVELY and ENGEL, Circuit Judges.
 
 Order
 
 1
 Richard K. Haley, an osteopathic physician, appeals from a judgment entered against him and in favor of the United States in the district court for income tax deficiencies for the years 1968 and 1969, and interest and penalties accruing thereon. In his appeal Haley asserts that the assessment for additional tax due for the calendar year 1968 was not lawful since he failed to receive the statutory notice which was required to be sent to him at his last known address. 26 U.S.C. Sec. 6212(b)(1). He claimed that a proper notice would have enabled him to have pursued relief in the United States Tax Court without first paying the sums claimed due, instead of being required to pursue the allegedly impossible task of paying the monies due to the Internal Revenue Service as a condition precedent to his right to an action in the district court for refund. See generally 26 U.S.C. Secs. 6213, 7422.
 
 
 2
 In his opinion accompanying the final judgment, the district court found that the defendant's residence was at all relevant times 5025 Warner Road, Westerville, Ohio, which was also described from time to time as 5858 Edlor Drive. The defendant consistently employed these addresses in his correspondence with the government regarding the 1968 tax year, including the waiver forms which extended the limitations on any government deficiency action to June 30, 1973.
 
 
 3
 It appeared from the proofs, as found by the district court, that a statutory notice of deficiency for 1968 was mailed on June 14, 1973 to Haley at the 5858 Edlor Drive address and upon its return by the post office, was readdressed and remailed to him in timely fashion on June 20, 1973 at the 5025 Warner Road address. Neither attempt was successful in giving actual notice to the taxpayer, who argues that the suit for deficiency for 1968 is time-barred. The district judge, while holding that each case must necessarily rest upon its own facts, found guidance in this court's decision in Williams v. United States, 264 F.2d 227 (6th Cir.), cert. denied, 361 U.S. 862 (1959), and correctly held that there was a sufficient compliance with the mailing procedures authorized by the Internal Revenue Code.
 
 
 4
 Appellant claims that the Service improperly disallowed certain deductions for the calendar years 1971 and 1972 and their carry-back to 1968 and 1969. The deductions represented alleged net operating losses incurred in the operation of a farm and a private flying service. Upon review it is apparent that these claims are entirely without merit. Accordingly,
 
 
 5
 IT IS ORDERED that the judgment of the district court is affirmed.